### MAGLICH, Plaintiff-Appellee v. MAGLICH, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County

No. 19785.   Decided February 19, 1945

M. A. Picciano, Cleveland, for plaintiff-appellee.
James A. Chiara, Cleveland, for defendant-appellant.

### OPINION

By MORGAN J.

On August 11, 1944, the plaintiff filed her petition against defendant for divorce in the common pleas court of Cuyahoga County, alleging among other things that on or about April 22nd, 1944, the defendant had closed a joint savings account and had appropriated the joint contents of a safe deposit value, aggregating approximately $3535.00.

On September 15, 1944, plaintiff filed her motion in the alternative, praying the court for the appointment of a receiver for said funds, or that the defendant be required to turn said funds over to the Clerk of Courts to be held during the pendency of the action.

Plaintiff's motion was heard on October 6, 1944, and the court made an order to the effect that the defendant on or about April 28, 1944, had withdrawn the sum of $1535.00 and the said defendant's bonds of the net value of $1900.00 and $100.00 in cash, all of which was the joint property of the plaintiff and the defendant "and that said defendant had since retained the sum to the exclusion of the plaintiff." The court further ordered that "the defendant, Joseph Maglich, be and he is hereby ordered to pay to the Clerk of this court to be held pending the trial of this case, the sum of $3535.00 which is the joint property of the parties hereto * * * not later than October 9, 1944."

On October 11, 1944, defendant having failed to comply with the court order, the plaintiff filed a motion that the defendant show cause why he should not be punished for contempt of court. The hearing on the motion to show cause was held on October 13, 1944, on which day the court found that "defendant is found guilty of contempt of court in that when able so to do he failed to comply with the order of the court." Defendant was ordered to be committed to the County Jail until he complied with the court's order.

From this finding and order defendant appeals.

It is the defendant's claim that on the date of the hearing on October 13, 1944, he was not in possession of the money or of the bonds and therefore was unable to comply with the order of the court and pay the bonds and money to the Clerk of the Court.

It is our opinion that the defendant at the hearing had the right to offer evidence to the effect that he did not then have the money or bonds in his possession and as ancillary thereto to show what disposition he had made of the property.

At the hearing in this court appellee did not contend that the appellant did not have the right to offer this evidence. It is appellee's contention that when the questions were asked by his counsel, which would have brought out these facts and the objections to the questions were sustained, the defendant's attorney failed to make the proper proffer.

We find that the record does show what the defendant would have testified to if he had been permitted to answer. The following is in the record:

He was asked the questions:

"Q. Do you have that money?
A. No sir.
Q. Why didn't you return it?
A. Because I haven't got it."

This answer was stricken out by the court, which in our opinion was error.

The court indicated that the only question considered by him on the hearing was as follows:

"The question is, does he comply with the order or doesn't he?"

This is a clear statement that the court would not listen to any evidence that the defendant could not comply with the order because he did not have the money or the bonds.

The impossibility of performance by the defendant of the order would be a defense unless it could be shown that such impossibility was due to fraud or sharp practice. Such, in the absence of evidence, cannot be assumed. Although the defendant failed to make a proffer in a number of cases where objections to questions asked him were sustained by the court, there is enough in the record to require reversal. The following question and answer is in the record:

"Q. Well, Mr. Maglich, do you have that money today?"
A. No, sir."

Even if the court found on October 6, on substantial evidence, that the defendant then had the money and the bonds, the defendant had the right to show whether or not on October 13, the date of the hearing on the contempt charges he did not have the money and the bonds.

He may have parted with the possession of the money and the bonds in the meantime through no fault of his own. He was clearly entitled to show the situation as of October 13, 1944. The court, in limiting the evidence to a single question, whether the order of October 6, 1944, had been complied with, unduly circumscribed and limited the defense.

To hold otherwise, would be the equivalent of holding that punishment for debt is still permissible under the law of the land.

Judgment reversed.

SKEEL, P. J., and LIEGHLEY, J., concur.